IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DEMON JACKSON,<br>#48182-177,<br>         Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>         Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL NO. 3:16-CV-1677-D-BK<br>(Criminal No. 3:14-CR-238-D-1) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the section 2255 motion should be summarily **DISMISSED WITH PREJUDICE** as time barred.[1]

**I. BACKGROUND**

Petitioner pled guilty to conspiring to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951 (Count 1, "Hobbs Act" robbery) and using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Counts 4 and 6). Crim. Doc. 67. On May 15, 2015, he was sentenced to 210 months' imprisonment on Count 1, 84 months' imprisonment on Count 2, and 300 months' imprisonment on Count 6, each term to be served consecutively. Crim. Doc. 67. He did not pursue a direct appeal.

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

On June 21, 2016, Petitioner filed this section 2255 motion to vacate sentence, in which he seeks to challenge his sentence as unconstitutional under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause definition of a "violent felony" of the Armed Career Criminal Act (ACCA), found at 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process. Doc. 2 at 7-8. Specifically, Petitioner seeks to extend the holding in *Johnson* to the similarly worded residual clause of 18 U.S.C. § 924(c)(3)(B) (defining "crime of violence" as it relates the penalties for firearms offenses). *Id.* He also claims that his Hobbs Act robbery conviction does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3). Doc. 2 at 8.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and an opportunity to respond.[2] *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).

**A. Limitations**

Petitioner's section 2255 motion is clearly untimely. More than one year elapsed between the date his conviction first became final on June 1, 2015, and when he filed the motion *sub judice* on June 14, 2016.[3] *See Clay v. United States*, 537 U.S. 522, 525 (2003) (a judgment

---

[2] The 14-day statutory objection period will provide Petitioner an opportunity to respond.

[3] The Court deems the section 2255 motion filed on June 14, 2016, the date Petitioner placed it in the prison mailing system. Doc. 2 at 10. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's mail system).

becomes final when the applicable period for seeking direct review of a conviction has expired); FED. R. APP. P. 4(b)(1)(A) (setting out time to file a direct appeal). However, to the extent Petitioner relies on 28 U.S.C. § 2255(f)(3) and the holding in *Johnson* to overcome the one-year limitations period in section 2255(f)(1), that reliance is misplaced.

Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." And while the Supreme Court has found its holding in *Johnson* retroactively applicable to cases on collateral review, *United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016), *Johnson* has no bearing on Petitioner's case. Petitioner's sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson,* ___ U.S. ___, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Rather, Petitioner was sentenced under 18 U.S.C. § 924(c)(1)(A)(ii) & (C)(i) to consecutive terms of 84 and 300 months' imprisonment for using and carrying a firearm during a crime of violence. *See* Crim. Doc. 45-1 at 13-14, *Presentence Report* (PSR) ¶¶ 77-78; Crim. Doc. 55-1 at 2-6, *Addendum to PSR*. *See also In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016) (per curiam) (specifically noting that *Johnson* did not address section 924(c)(3)(B)'s residual clause definition of a crime of violence).

Thus, section 2255(f)(3) has no application in this case.[4] Consequently, Petitioner's section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

---

[4] Sections 2255(f)(2) and (4) are likewise inapplicable. Petitioner has not premised his claims on a government-created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

**B. Equitable Tolling**

Petitioner posits no facts from which the Court can find that equitable tolling applies. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-56 (2016). *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted). Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). Accordingly, Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case. *Id.* at 365.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SIGNED** May 31, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

Page **4** of **5**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *as modified by* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE